J-S17020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYWANN RAHEEM WINDHAM | : | |
| | : | |
| Appellant | : | No. 864 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 3, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000512-2020

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 3, 2023**

Appellant, Tywann Raheem Windham, appeals from the judgment of sentence entered on March 3, 2022, as made final by the denial of Appellant's post-sentence motion on July 8, 2022.  We affirm.

On March 4, 2020, City of Butler Police Officer Ryan Doctor applied for a warrant to search the single-family residence that Appellant shared with his girlfriend, Kari Lee Summerville.  Within the affidavit of probable cause, Officer Doctor averred:

> Your affiant is employed as a police officer for the City of Butler Police Department and has been since September of 2018.  . . . During the course of my career . . . , I have been involved in investigations of violations of the Drug, Device, and Cosmetics Act in excess of 50 occasions.  I also attended drug interdiction training in September of 2019.  . . . I have personally participated in three search warrants on behalf of the Butler County Drug Task Force, and I have assisted on approximately 10 controlled buys.

In the later days of January 2020, I did interview a confidential informant that, for the purpose of this affidavit, will be referred to as CI 1. CI 1 told me about illegal drug sales occurring at 507 Virginia Avenue in Butler City. CI 1 identified the residence as belonging to Kari Summerville and [Appellant]. CI 1 also advised that [Appellant] sells large amounts of heroin out of the residence, and also advised that Kari Summerville sells crack cocaine out of the residence. I did verify through PennDOT records that Summerville and [Appellant] have both listed 507 Virginia Avenue as the address on their respective driver's licenses. The Butler County Drug Task Force and Butler City Police are familiar with both [Appellant] and Summerville from prior drug investigations. I also checked the criminal histories for both and found that Summerville has one felony drug conviction and [Appellant] has two felony drug convictions. At a later date, CI 1 was shown JNET photographs of both [Appellant] and Summerville and positively identified both.

In the early days of February 2020, a controlled purchase of heroin was made from [Appellant] at 507 Virginia Avenue utilizing CI 1. CI 1 and CI 1's vehicle were both searched prior to and immediately following the buy and found to be free of controlled substances, money, weapons, or other contraband. At my direction, CI 1 contacted [Appellant at a particular telephone number] and requested to come to the aforementioned residence to purchase heroin. [Appellant] agreed. CI 1 was provided with pre-recorded official funds. CI 1 was followed by law enforcement to the area of [Appellant's] residence and was observed entering 507 Virginia Avenue via the front door. CI 1 was observed exiting the same door minutes later and was followed back to an undisclosed location by law enforcement. At that undisclosed location, CI 1 did turn over suspected heroin to law enforcement. CI 1 stated that they purchased the suspected heroin from [Appellant] for the pre-recorded funds. The suspected heroin was not field tested for officer safety and was sent to the Pennsylvania State Police lab for further analysis. CI 1 advised that during the course of the controlled buy, they did witness a handgun near [Appellant].

[On February 25, 2020, Appellant] contacted Butler City Police to report his child missing from his residence at 507 Virginia Avenue.

[At approximately 4:00 a.m. on March 3, 2020,] Butler City Police Officers Kory Fleming and Mike Sulerud conducted a trash pull at 507 Virginia Avenue. There were two black trash bags set out for pick-up on the sidewalk directly in front of the residence. Both of those bags were seized and were transported to the Butler City Police Station. Myself and Officer Sulerud did open the bags and examine the contents. Inside the bags, we located items of indicia for Kari Summerville. There was a bill from Pioneer Credit Recovery, Inc. with a notice to debit account for $5.00 on behalf of the U.S. Department of Education. This was addressed to Kari Summerville at 507 Virginia Avenue. There was also a "Gerber Life Insurance" letter addressed to Kari Summerville at 507 Virginia Avenue. Coupled with these documents, a "netspend" debit card in Kari Summerville's name was located on one of the bags.

I also located six clear plastic bags, one of which with the corner torn off. Crack cocaine is frequently sold in this area in plastic bag corners. The corner missing from this bag indicates that this bag may have been used to package crack cocaine. There were also eight small green ziplock bags, three of which contained what appeared to be a small amount of suspected crack cocaine. The contents of one of these bags was field tested, and it tested positive for cocaine.

Based on the facts presented in this affidavit, it establishes probable cause that heroin and crack cocaine are being sold from 507 Virginia Avenue in Butler, PA. As such, I request that this warrant be granted so that the residence and persons listed can be searched in furtherance of this investigation.

Affidavit of Probable Cause, 3/4/20, at 1-2.

The search warrant was issued and, on March 5, 2020, detectives from the Butler County Drug Task Force and police officers from the Butler County Emergency Services Unit executed the warrant. During the execution of the warrant, the officers discovered:

443 stamp bags of suspected heroin, [nine] individually-packaged bags of crack cocaine, approximately 65 grams of marijuana, 37 chewable MDMA tablets, a plastic baggie containing 101 alprazolam pills, $914.00 in U.S. currency, [four] cellular phones, [two] digital scales, and an abundance of narcotics packaging materials.

Affidavit of Probable Cause, 3/5/20, at 1. Further, "[t]he above mentioned items were located throughout the residence in areas accessible to both [Ms. Summerville and Appellant], and indicia of ownership was located for both individuals within the residence." *Id.*

Following his arrest, Appellant filed a pre-trial motion and claimed that all evidence recovered from the search must be suppressed, as the affidavit in support of probable cause for the issuance of the search warrant provided "an insufficient basis for probable cause." Appellant's Pre-Trial Motion, 8/31/20, at 2.

The trial court denied Appellant's pre-trial motion on December 16, 2020 and the case was later scheduled for trial. Prior to trial, the Commonwealth filed notice, pursuant to Pennsylvania Rule of Evidence 404(b), that it intended to introduce evidence Appellant sold heroin to the confidential informant ("CI"), from the 507 Virginia Avenue residence, in early February 2020. Commonwealth's Rule 404(b) Notice, 7/1/21, at 1. According to the Commonwealth, while this evidence was not admissible to "prove [Appellant's] character in order to show that on a particular occasion [he] acted in accordance with the character," it was admissible to prove Appellant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*; *see also* Pa.R.E. 404(b)(1) and (2).

In response, Appellant filed a motion *in limine*, where he sought to exclude evidence of this uncharged heroin sale. Appellant claimed that the evidence was inadmissible, as the probative value of the evidence did not outweigh its potential for unfair prejudice and there was no evidence that Appellant actually committed the uncharged crime. **See** Appellant's Motion *in Limine*, 8/2/21, at 2-4. The trial court denied Appellant's motion and the case proceeded to a jury trial in January 2022.

During trial, Officer Doctor testified that he is employed by the Butler City Police Department and a member of the Butler County Drug Task Force. As Officer Doctor testified, he began watching Appellant's house at 507 Virginia Avenue in January 2020 and was able to "see typically a lot of times later at night a lot of foot traffic in and out of the residence, pedestrian traffic for short periods of time. Five, ten minutes tops." N.T. Trial, 1/24/22, at 41.

Officer Doctor testified that he then used a CI to perform a controlled buy of heroin from 507 Virginia Avenue. **Id.** at 43. Specifically, Officer Doctor testified:

> A: So, the CI provided us with a phone number which they were able to contact [Appellant]. And that was the number that we used to contact [Appellant] at the time.
>
> . . .
>
> Q: Did you [perform a typical controlled purchase of narcotics] with the CI at – with regard to setting up purchase with 507 Virginia Avenue, [Appellant's] . . . and Miss Summerville's residence?
>
> A: Yes.

Q: Okay. Did you observe that confidential informant go into that house?

A: Yes.

Q: Okay. And who did that confidential informant exit that house with?

A: [Appellant]. . . .

Q: Okay. How much money did you send them in with?

A: $400.

Q: Okay. What did they bring back to you?

A: Two bricks [of heroin]. Which would typically [be 100] stamp bags. We did a count there it ended up being only 99.

Q: Okay. Were they in a specifically marked baggie?

A: Yes. They were in a – it's a white glassine baggie with red lips on it that said Kiss Me.

*Id.* at 45-46.

Officer Doctor testified that both Appellant and Ms. Summerville were present in the house during the March 5, 2020 residence search. He testified that the search of the residence revealed a large quantity of heroin in the master bedroom and that crack cocaine, other controlled substances, packaging materials, and weighing equipment were found throughout the home. *See id.* at 54-82. According to Officer Doctor, the street value of the heroin and crack cocaine found in the house was approximately $4,000.00. *Id.* at 78.

Ms. Summerville testified that Appellant's primary source of income was "[s]elling drugs" and that Appellant took in approximately $6,000.00 to $10,000.00 per day in revenue, primarily from the sale of crack cocaine and heroin. N.T. Trial, 1/25/22, at 19, 26, and 29. She testified that, while she helped Appellant sell the crack cocaine, Appellant was, essentially, solely responsible for selling the heroin. *Id.* at 23-26.

The jury found Appellant guilty of three counts of possessing a controlled substance with the intent to deliver ("PWID") and one count each of possession of drug paraphernalia, possession of a controlled substance, and criminal conspiracy.[1] On March 3, 2022, the trial court sentenced Appellant to serve an aggregate term of 102 to 204 months in prison for his convictions. N.T. Sentencing, 3/3/22, at 4-5.

Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal. Appellant raises two claims to this Court:

> [1.] Did the trial court err by denying [Appellant's] omnibus pretrial motion, which sought the suppression of evidence discovered from the execution of a search warrant on March 5, 2020, on the grounds that the search warrant was not supported by probable cause?
>
> [2.] Did the trial court err by denying [Appellant's] motion *in limine* to exclude both testimony and evidence (*i.e.*, photographs of items purportedly recovered from the controlled purchase) which insinuated (but did not establish) [Appellant's] participation in a controlled purchase of heroin

---

[1] 35 P.S. §§ 780-113(a)(30), (32), and (16) and 18 Pa.C.S.A. § 903(a)(1), respectively.

in early February 2020, approximately one month prior to the execution of the search warrant which gave rise to the instant charges, and with which [Appellant] was never charged?

Appellant's Brief at 3 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinions of the able trial court judge, the Honorable Timothy F. McCune. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge McCune's December 16, 2020 and September 23, 2022 opinions. Therefore, we affirm on the basis of Judge McCune's opinions and adopt them as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach copies of Judge McCune's December 16, 2020 and September 23, 2022 opinions.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/3/2023